O

# United States District Court
# Central District of California

| | |
|---|---|
| TIANXIANG YU,<br><br>            Plaintiff,<br><br>    v.<br><br>SHANGHAI SISHUN E-COMMERCE CO., LTD. et al.,<br><br>            Defendants. | Case № 2:24-cv-09772-ODW (PVCx)<br><br>**ORDER DENYING MOTION FOR EMAIL ALTERNATIVE SERVICE OF PROCESS [30]** |

## I.  INTRODUCTION

Plaintiff Tianxiang Yu brings this patent infringement action against Defendants Shanghai Sishun E-Commerce Co. Ltd., Fengsheng Wang, Guangzhou Mufeng International Trade Co., Ltd., Wuhan Hongmedia Electronic Commerce Co., Ltd., Shushu Chen, and Hong Kong Yinta International Trade Company Limited.  (Compl., ECF No. 1.)  Yu moves for an order authorizing service on the unserved Defendants by email through their respective counsel.  (Mot. Alt. Serv. ("Motion" or "Mot."), ECF No. 30).  For reasons discussed below, the Court **DENIES** the Motion.[1]

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On November 13, 2024, Yu filed a complaint against Defendants for patent infringement. (Compl.). To date, Yu has served all Defendants but Shanghai Sishun E-Commerce Co., Ltd. ("Sishun") and Wuhan Hongmedia Electronic Commerce Co., Ltd. ("Hongmedia"). (*See* Waiver Service, ECF Nos. 23, 25–27.) Sishun and Hongmedia have a physical location in China. (Mot. 6, 9 (providing Sishun's address in China), 11 (providing Hongmedia's address in China).)

<u>Service on Sishun</u>. On or around August 30, 2024, Yu's counsel sent a cease-and-desist letter to Sishun's physical address in China and email contact. (Decl. Zhen Yang Pan ISO Mot. ("Pan Decl.") ¶¶ 4–5, ECF No. 30-3.) Sishun's counsel, Sophia Yin, acknowledged receipt of the cease-and-desist letter and represented that she was authorized to respond to the infringement allegations. (*Id.* ¶ 6. Ex. C ("Sishun 2024 Email"), ECF No. 30-4.)

On or around January 27, 2025, Yu's counsel emailed the summons and complaint to Yin. (Pan Decl. ¶ 9.) On February 6, 2025, Yin responded that Sishun "does not accept email delivery" and provided Sishun's company address in China for Yu to serve the documents pursuant to the Hague Convention. (Pan Decl. Ex. F ("Sishun 2025 Email"), ECF No. 30-4.) On or around February 18, 2025, Yu's counsel initiated service on Sishun through China's Civil and Commercial Judicial Assistance System ("CCJAS"), consistent with the Hague Convention. (Pan Decl. ¶¶ 12, 15.) The latest system update from CCJAS shows that the case "has been transferred to the Supreme People's Court for further processing. Please wait patiently for the result." (*Id.* ¶ 16.) To date, CCJAS has yet to effect service on Sishun. (*Id.*)

<u>Service on Hongmedia</u>. On August 30, 2024, Yu's counsel sent a cease-and-desist letter to Hongmedia's physical address in China and email contact. (*Id.* ¶¶ 17–18.) On or around February 16, 2025, Hongmedia's counsel, Jianyin Liu, contacted Yu's counsel to discuss substantive issues concerning the First Amended

Complaint. (*Id.* ¶ 22.) Thereafter, on or around February 19, 2025, Yu's counsel emailed the summons and complaint to Liu and Liu agreed to accept and sign the waiver of service. (*Id.* ¶ 23.) However, Liu later informed Yu's counsel that he was "not authorized by [Hongmedia] to accept the service" and that service must comply with the Hague Convention. (Pan Decl. Ex. N ("Hongmedia Email"), ECF No. 30-4.)

On April 2, 2025, Yu moved the Court for authorization to serve Sishun and Hongmedia by email or, alternatively, through their respective legal counsel. (First Mot. Alt. Serv. ("First Mot."), ECF No. 28.) The Court denied the motion on the grounds that Yu failed to establish that (1) the Hague Convention does not apply; (2) email service is permissible under the Hague Convention; (3) email service is reasonably calculated to satisfy due process; and (4) service on Sishun's and Hongmedia's counsel is permissible. (Order Den. First Mot., ECF No. 29.)

Yu now renews the motion and moves the Court for an order authorizing service on Sishun and Hongmedia by email through their respective counsel. (Mot.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 4(h)(2) authorizes service of process on a foreign business entity in the manner prescribed by Rule 4(f) for individuals in foreign countries. Service on foreign individuals may be effected "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed. R. Civ. P. 4(f)(1).

Alternatively, Rule 4(f)(3) permits service on individuals in a foreign country "by other means not prohibited by international agreement, as the court orders." "As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). "[D]etermining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is left "to the sound discretion of the district court." *Id*. at 1016. To

satisfy constitutional norms of due process, the alternate service must be "reasonably calculated" under the circumstances to provide the defendant with notice of the action and the opportunity to raise objections. *Id*. Rule 4(f)(3) is not a "last resort" nor "extraordinary relief" and is "merely one means among several which enables service of process on an international defendant." *Id*. at 1015.

## IV. DISCUSSION

Yu seeks to serve Sishun and Hongmedia—entities that Yu represents are physically located in China—by email through their respective counsel. (Mot. 3.) As the moving party seeking to establish that service by email is appropriate, Yu must show that "(1) international agreement does not prohibit service by email; and (2) service by email is reasonably calculated to provide actual notice to the defendants." *Toyo Tire & Rubber Co., Ltd. v. CIA Wheel Grp.*, No. 8:15-cv-00246-DOC (DFMx), 2016 WL 1251008, at *2 (C.D. Cal. Mar. 25, 2016).

Yu provides that Sishun and Hongmedia are foreign business entities located in China, and that China is a signatory to the Hague Convention. (Mot. 6.) The Hague Convention applies to its signatories "in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), Art. 1, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638. Compliance is mandatory in all cases to which the Hague Convention applies. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705 (1988).

As a signatory to the Hague Convention, China agrees to make the Hague Convention's procedures "the exclusive mechanism for service of documents abroad" such that "methods not authorized under the [Hague] Convention are 'prohibited by international agreement.'" *Cadence Design Sys., Inc. v. Fenda USA Inc.*, 734 F. Supp. 3d 960, 965 (N.D. Cal. 2024). "Service by email does not fall within one of the Hague Convention's 'approved methods of service' and China has not affirmatively

agreed to" service by email. *Flying Heliball, LLC v. Zero Zero Robotics, Inc.*, No. 8:24-cv-01838-FWS (JDEx), 2025 WL 464323, at *3 (C.D. Cal. Feb. 11, 2025). China also objected to Article 10 of the Hague Convention, which "creates a carve-out," if certain conditions are met, to allow specific types of service that would otherwise be prohibited under the Hague Convention. *PRL USA Holdings, Inc. v. Zoetop Bus., Co., Ltd.*, No. 2:21-cv-02424-SPG (Ex), 2022 WL 20275664, at *3–4 (C.D. Cal. Oct. 17, 2022). Thus, "the Hague Convention preempts service by email in China unless an exception applies." *Flying Heliball*, 2025 WL 464323, at *3.

Yu does not argue that the Hague Convention is inapplicable or that an exception applies. (*See generally* Mot.) Instead, he broadly asserts that district courts, including those in this district, "have routinely permitted alternate service of process notwithstanding the applicability of the Hague Convention." (*Id.* at 6.) In support of this argument, Yu cites to several cases.[2]

First, Yu relies on *In re LDK Solar Securities Litigation*, No. C 07-05182 WHA, 2008 WL 2415186 (N.D. Cal. June 12, 2008), for the proposition that alternative service may be permitted when attempting "potentially fruitless" service through the Hague Convention in China. (Mot. 6.) However, *LDK* is inapposite. The plaintiffs in *LDK* did not seek authorization for service by email; rather, they moved for an order permitting service on the unserved defendants through the defendants' California office. *LDK*, 2008 WL 2415186, at *1. The court in *LDK* specifically noted that the plaintiffs were not seeking to serve by postal channels because they did "not request to effect service in China via mail." *Id.* at *3. Conversely, Yu seeks to serve Sishun and Hongmedia by postal channels via email through their respective counsel, and at least one counsel appears to be located in China. (*See* Sishun Email (indicating Sishun's counsel is from "Tahota (Shenzhen) Law Office").) Accordingly, Yu's reliance on *LDK* is unpersuasive.

---

[2] Yu cites to several out of circuit cases. (Mot. 6.) The Court is not persuaded by the out of circuit authority and need not address them.

Next, Yu cites to *Rio* to argue that the Court has broad discretion to grant alternative service. (Mot. 7.) However, *Rio* involved service in a country that had not signed the Hague Convention. 284 F.3d at 1015 n.4 ("[T]he Hague Convention does not apply in this case because Costa Rica is not a signatory."). Here, China is a signatory to the Hague Convention. Therefore, even under *Rio*, Yu must demonstrate that email service is "not prohibited by international agreement." *Id.* at 1014. Yu does not argue that an exception applies that would permit email service under the Hague Convention. (*See generally* Mot.)

Accordingly, as Yu fails at the outset to show either that (1) the Hague Convention permits email service or (2) that an exception applies, the Court **DENIES** the Motion. *See Flying Heliball*, 2025 WL 464323, at *4 (denying motion for alternative service by email on defendants located in China because plaintiff does "not establish[] that an exception applies"). The Court thus declines to consider whether Yu shows that service on Sishun's and Hongmedia's counsel would satisfy due process.

## V. CONCLUSION

For the reasons above, the Court **DENIES** Yu's Motion. (ECF No. 30.) This denial is **WITHOUT PREJUDICE** should circumstances demonstrate an applicable exception to the Hague Convention.

**IT IS SO ORDERED.**

July 7, 2025

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**